DeMOSS, Circuit Judge,
specially concurring:
I concur in the panel’s affirmance of the district court’s action in this case solely because:
1. Beltran and his counsel both signed a written plea agreement and a factual stipulation which adequately support Beltran’s plea of guilty to the offense charged in Count I of the indictment; and
2. The written plea agreement contained a provision by which Beltran agreed not to appeal his conviction or his sentence for any reason except certain circumstances which did not occur in this case.
Under these circumstances, I think this Court should simply dismiss the appeal or affirm on the grounds that Defendant, Bel-tran, waived his right of appeal.
Candidly, I think the prosecution pulled the wool over the eyes of Beltran and his counsel by alleging that the victim of Bel-tran’s assault was a “Correctional Officer” who at the time of the assault was “assisting officers and employees of the United States and of the Bureau of Prisons” when, in truth and in fact:
A. The “Eden Detention Center”, where the assault occurred was a private prison facility owned exclusively(land, buildings, improvements, locks, stocks and barrels) and operated exclusively by the Corrections Corporation of America, a private corporation and the victim of that assault was an employee of that corporation; and
B. No person who was in fact an “officer or employee of the United States or of the Bureau of Prisons” was present or engaged in any activity which the victim was, or even could have been, “assisting;” and
C. After pulling the wool over the eyes of Beltran and his counsel, the prosecution stood by in silence when the district judge at the Rule 11 hearing advised Beltran that he was charged with “assaulting a federal officer.”
The statute under which Beltran was charged expressly says that it protects “any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) *665 while such officer or employee is engaged in or on an account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance,” 28 U.S.C. § 1114 (emphasis added). I have been through this record from top to bottom and found absolutely nothing that indicates that any person who was “an officer or employee” of the United States or of the Bureau of Prisons was present at the time and place of Beltran’s assault on the victim, nor was such a person even anywhere on the premises of the Eden Correction Center at any time relevant to the time of such assault. Regretfully, my colleagues look upon this appeal as an opportunity to further the cause of federalization of criminal law by setting precedent for the extension of the interpretation of the words in this statute quoted above so as to extend its protections to a private person victim of an assault that occurs on private property in connection with the operation of a private business; and there is no person who is a government official or employee who was engaged in the performance of his official duties that the victim was assisting. I just can’t read the statutory language that broadly, but I have to recognize that the Defendant, Beltran, voluntarily pleaded guilty to a criminal charge that such conduct constitutes a federal offense.